UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ARTHUR D'AMARIO, III,

Plaintiff,

v.

ANDREW L. OLNES, M.D., RUTH WESTRICK, M.D., DANIEL SHINE, M.D., AMY HAMILTON, Ph.D., CHRISTINE SCRONCE, Ph.D., STEVE NORTON, Ph.D., CONSTANCE REESE, HARELL WATTS, G.L. HERSHBERGER, BRENDA L. SANTOS, FEDERAL BUREAU OF PRISONS, STEPHANIE S. BROWN, and CHRIS SIGURDSON, M.D.,

Defendants.

CIVIL NO. 01-742 (ADM/AJB)

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner, has filed a complaint seeking relief under the Federal Tort Claims Act, ("FTCA"). 28 U.S.C. § 2671 et seq. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b)(1).

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 4 and 5.) By order dated May 4, 2001, (Docket No. 6), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (see Docket Nos. 10 and 13), and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED AUG 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## I. BACKGROUND

Plaintiff was confined at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), when he commenced this action, and most of his claims are based on events that allegedly occurred while he was confined there.[2] Plaintiff is attempting to sue twelve individuals, plus the federal Bureau of Prisons, ("BOP"). Six of the named Defendants – Andrew L. Olnes, Ruth Westrick, Daniel Shine, Amy Hamilton, Christine Sconce, and Steve Norton – are identified as "psychiatrists and psychologists employed by BOP" at FMC-Rochester. (Complaint, [Docket No. 1], ¶ 5.) Three other Defendants – G.L. Hershberger, Brenda L. Santos, and Harell Watts – are identified as "high-ranking BOP executives who review prison sentence computations." (Id.) Defendant Constance Reese is the Warden at FMC-Rochester, and Defendant Stephanie S. Browne is an assistant U.S. Attorney in Rhode Island. (Id.) Defendant Chris Sigurdson is not clearly identified in Plaintiff's complaint.[3]

Plaintiff was indicted in Rhode Island, apparently sometime in 1999, for violating federal firearms laws. The trial judge in Plaintiff's criminal case ordered a

---

[2] Plaintiff has been transferred to other institutions since he started this action – first to a county jail in Elk River, Minnesota, and most recently to the Federal Detention Center in Philadelphia, Pennsylvania.

[3] If this action were to proceed, the United States presumably would be substituted for all the current Defendants, and would become the sole Defendant for Plaintiff's FTCA claims. See 28 U.S.C. § 2679(d)(1); Midland Psychiatric Associates, Inc. v. United States, 145 F.3d 1000, 1004 (8th Cir. 1998) ("when a federal employee is sued in tort, the United States is substituted as the defendant if the Attorney General certifies that the conduct giving rise to the lawsuit was within the scope of the employee's office or employment").

competency examination pursuant to 18 U.S.C. § 4241(a).[4] After a 65-day evaluation, the physicians who examined Plaintiff reported that he was not schizophrenic, that he was suffering from no other mental disease, and that he was competent to stand trial. Plaintiff was thereafter convicted, and sentenced to eighteen months in prison. He alleges that his federal prison sentence began on February 19, 1999, and should have been completed on June 9, 2000. (Id., ¶s 7 and 8.)

In this action, Plaintiff claims that the named Defendants entered into a conspiracy to alter his medical records in order to extend his imprisonment. He contends that he should have been released from federal custody on June 9, 2000, and that he has remained imprisoned since that date only because (a) Defendants Browne, Watts, Santos, Hershberger and Reese "deliberately miscomput[ed]" his sentence, and (b) Defendants Olnes, Shine, Westrick, Norton, Hamilton and Scronce, concocted a "frivolous and groundless commitment certificate pursuant to 18 U.S.C. [§] 4246(a)."[5] (Complaint, ¶s 10

---

[4] 18 U.S.C. § 4241(a) provides that --

"At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

[5] 18 U.S.C. § 4246(a) reads as follows:

"**Institution of proceeding.**-- If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to

and 11.)

As far as the Court can tell, Plaintiff is claiming that his ongoing imprisonment is the result of Defendants' efforts to detain him under the federal statutes allowing for the "[h]ospitalization of a person due for release but suffering from mental disease or defect," (42 U.S.C. § 4246). He seems to be claiming that Defendants' effort to detain him pursuant to § 4246(a) constitutes "medical malpractice," because Defendants allegedly have "either negligently or corruptly recorded false and fictitious misinformation in Plaintiff's medical records to smear and discredit him as mentally ill and dangerous." (Id., ¶ 13.) Plaintiff is seeking $1000 per day for each day of his confinement after June 9, 2000. (Id., ¶ 24.) He is also seeking compensatory damages in the sum of $250,000 for Defendants' alleged "malpractice." (Id., ¶ 23.)

---

the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section." (Emphasis added.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

The Court concludes that the present action must be summarily dismissed pursuant to § 1915A(b)(1), because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court reaffirmed that a prisoner cannot challenge the fact or duration of his incarceration by filing a civil complaint. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully confined. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, even when a prisoner-plaintiff demands only money damages, he cannot bring a non-habeas civil lawsuit that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. "[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 486; see also,

Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Here, it is readily apparent that a judgment for Plaintiff would necessarily imply that his confinement is invalid. Indeed, that is the very essence of Plaintiff's complaint; he is contending that his sentence has been unlawfully extended by reason of Defendants' alleged alteration of his medical records. Although Plaintiff has not specifically asked for immediate release from custody, he has asked for $1000 per day for each day that he remains in custody. No such judgment could be entered in Plaintiff's favor, without adjudicating the lawfulness of his ongoing confinement.

According to Heck, however, the lawfulness of Plaintiff's confinement can properly be addressed only in a habeas corpus or other post-conviction proceeding. His claim for damages resulting from his allegedly illegal confinement cannot be considered in a federal civil lawsuit, unless Plaintiff has already established in a proper forum -- i.e., a federal post-conviction proceeding -- that his continuing confinement is improper.

In short, Plaintiff's present action is premature. He cannot maintain a civil action seeking damages (or injunctive or declaratory relief) for the allegedly wrongful acts that have caused an extension of his confinement, without first securing an order that specifically invalidates his confinement. In other words, he must successfully challenge his extended confinement in a federal post-conviction proceeding, (presumably one brought under 28 U.S.C. § 2241, 28 U.S.C. § 2255 or 18 U.S.C. §§ 4241-4247), before he can recover damages (or any other relief) based on the allegedly improper extension of his imprisonment. Because that pre-condition has not been met, Plaintiff's complaint fails to state a claim on which relief can be granted, and it must be dismissed pursuant to §

1915A(b)(1). It will be recommended that this action be dismissed without prejudice, however, so Plaintiff can still pursue his present claims in a future action, if he can first establish, in a proper forum, that his incarceration has been wrongly extended. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (noting that dismissals pursuant to Heck should be without prejudice).[6]

There are a few other matters that also should be briefly mentioned here. First, even if Plaintiff's claims were not barred by Heck, his complaint still would not state an actionable medical malpractice claim, because he has not satisfied the requirements of Minn.Stat. § 145.682. That statute requires every plaintiff in a Minnesota medical malpractice case to furnish two affidavits in support of his or her claims.

> "The first affidavit ('expert review affidavit') must be submitted with the complaint and state that before commencing the lawsuit, plaintiff's attorney [or plaintiff himself in a pro se case] reviewed the facts of the case with a medical expert who believed that at least one defendant named in the suit deviated from the applicable standard of care and thereby injured the plaintiff....
>
> The second affidavit ('expert disclosure affidavit') must be served upon the defendant within 180 days after

---

[6] The Court has considered whether Plaintiffs' pleading should be construed as a habeas corpus petition, and entertained as such. See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987); Feeney v. Auger, 808 F.2d 1279, 1280-81 (8th Cir. 1986). However, habeas corpus relief can be granted only if the Court has personal jurisdiction over the petitioner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973) ("the court issuing the writ [must] have jurisdiction over the custodian"). United States v. Knight, 638 F.2d 46, 47 (8th Cir. 1981) (per curiam) ("[t]o issue a writ of habeas corpus, a district court must have jurisdiction over the petitioner's custodian"). Because Plaintiff has been transferred out of Minnesota, (see footnote 2, supra), the Court does not have jurisdiction over his present custodian, (i.e., the warden at the facility where Plaintiff is currently being held). Therefore, Plaintiff cannot obtain habeas corpus relief in this District at this time.

> commencement of the suit and identify each expert plaintiff intends to call at trial, disclose the substance of the facts and opinions to which the expert will testify, and provide a summary of the grounds for each opinion."

Bellecourt v. United States, 784 F.Supp. 623, 636 (D.Minn. 1992), aff'd 994 F.2d 427 (8th Cir. 1993), cert. denied, 510 U.S. 1109 (1994), citing Minn.Stat. § 145.682, subds. 2, 3 and 4.[7]

In this case, Plaintiff's complaint was not accompanied by the "affidavit of expert review" required by Minn.Stat. § 145.682, subds. 2 and 3. After that omission was called to Plaintiff's attention, (see Order dated May 4, 2001, [Docket No. 6], footnote 2), Plaintiff tried to cure the defect in his pleading by filing a one-page "Affidavit Identifying Expert Witness." (Docket No. 8.) That affidavit does not satisfy the requirements of Minnesota law for at least two reasons. First, as previously noted, the affidavit was not submitted with Plaintiff's pleading, as required by the statute. More importantly, the affidavit simply does not meet the substantive requirements of the statute, (§ 145.682(3)(a)), because (i) it does not show that Plaintiff has actually reviewed the facts of his case, including the alleged acts and omissions of the named Defendants, with a qualified expert, and (ii) it does not show that the expert himself has actually concluded that "one or more defendants deviated from the applicable standard of care and by that

---

[7] Because this action was brought under the FTCA, Plaintiff's claims are subject to, and governed by, the substantive law of the state in which his claims arose – namely Minnesota. 28 U.S.C. § 1346(b). Thus, the requirements of Minn.Stat. § 145.682 are applicable here. Oslund v. United States of America, 701 F.Supp. 710 (D.Minn. 1988); Bellecourt v. United States, supra; Anderson v. United States of America, No. Civ. 5-96-235 JRT/RLE (D. Minn. 1998), 1998 WL 92460.

action caused injury to plaintiff." Thus, even if the Heck problem could be avoided, Plaintiff's complaint still would fail to state an actionable FTCA medical malpractice claim.

Finally, the Court has not overlooked several other miscellaneous claims that Plaintiff seems to be trying to bring in this action. He alleges that various unnamed individuals (a) placed him in "Central Inmate Monitoring system for no valid reason," (Complaint, ¶ 14), (b) lost or destroyed some of his personal property while he was incarcerated at "FCI Fort Dix," (id., ¶ 20), (c) forced him "to work as a dishwasher, despite the fact that he was in great physical pain," (id., ¶ 21), and (d) invaded his privacy by circulating "confidential attorney-client communication," (id., ¶ 22). These claims are not actionable, because they are not supported by sufficient factual allegations. They are merely conclusory. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Furthermore, Plaintiff has not identified which (if any) of the named Defendants supposedly committed the various alleged misdeeds mentioned in his complaint. See Beck v. LaFleur, No. 00-1983 (8th Cir. July 16, 2001) 2001 WL 792670 at *1 (a prisoner complaint will be dismissed for failure to state an actionable claim where the prisoner has "failed to allege sufficient personal involvement by any of defendants"). Therefore, none of Plaintiff's briefly mentioned collateral claims states a cause of action on which relief can be granted.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has not pleaded any claim on which relief can be granted, and that this action must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Because Plaintiff has failed to state an actionable claim, it will be further recommended that (a) his application for leave to proceed IFP should be denied, (see 28 U.S.C. § 1915(e)(2)(B)(ii)), and (b) his request for a temporary restraining order, (Docket No. 2), should also be denied.

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[8] He has paid only $40.00, so he still owes $110.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[8] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket Nos. 4 and 10), be **DENIED**;

2. Plaintiff's "Motion For A Temporary Restraining Order," (Docket No. 2), be **DENIED**;

3. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff should be required to pay the unpaid balance of the Court filing fee, namely $110.00, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action should be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: August 21st, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.