**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Arthur D'Amario, III,

Plaintiff,

v.

Andrew L. Olnes, M.D., Ruth Westrick, M.D., Daniel Shine, M.D., Amy Hamilton, Ph.D., Christine Scronce, Ph.D., Steve Norton, Ph.D., Constance Reese, Harell Watts, G.L. Hershberger, Brenda L. Santos, Federal Bureau of Prisons, Stephanie S. Browne, and Chris Sigurdson, M.D.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-742 ADM/AJB

---

Arthur D'Amario, III, *pro se*.

---

## I. INTRODUCTION

Plaintiff, a federal prisoner, has filed a Complaint seeking relief under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 2671 et seq. Magistrate Judge Arthur J. Boylan conducted an initial screening pursuant to 28 U.S.C. § 1915A, and by Report and Recommendation ("R&R") [Doc. No. 14] pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1 has found that Plaintiff's Complaint fails to state a claim on which relief can be granted, and recommends that this action be summarily dismissed pursuant to § 1915A(b)(1). Plaintiff filed an objection to the R&R [Doc. No. 19]. For the reasons stated below, Plaintiff's objection is denied, and the R&R is adopted in full.

NOV 14 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 14 2001
DEPUTY CLERK

## II. BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated by reference for purposes of the present objection.

## III. DISCUSSION

Where a magistrate judge's R&R concerns a dispositive motion, a district court must make an independent, de novo evaluation of those portions of an R&R to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Minn. LR 72.1(c)(2).

Plaintiff objects to the portion of the R&R summarily dismissing his complaint without prejudice. Plaintiff argues that the Prison Litigation Reform Act of 1995 ("PLRA") no longer applies to him because he was released from prison to confinement at his parents' home on August 13, 2001. Plaintiff alleges that Defendants falsified his medical records, mis-computed his prison sentence, and denied psychiatrist Dr. Thomas G. Gratzer's efforts to meet with Plaintiff. Plaintiff also asserts that two additional psychiatrists who examined him did not find mental illness. Plaintiff claims he has been denied a full and fair opportunity to litigate the issue of when his sentence expired because the Third Circuit dismissed his appeal to the dismissal of his Habeas Corpus petition challenging the computation of his prison term. Finally, Plaintiff argues that Judge Boylan's R&R "too rigidly construes" his allegations and as such is "too harsh for a *pro se* claim." Pl. Obj. at 3. Plaintiff asserts claims under the FTCA and Bivens[1] for medical malpractice and negligent or fraudulent mis-computation of his sentence. Pl. Obj. at 3.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

None of Plaintiff's allegations impeach the finding that the present action must be dismissed pursuant to § 1915A(b)(1), because Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck establishes that a prisoner cannot challenge the fact or duration of his incarceration through filing a civil complaint, but rather habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully confined. Id. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Therefore, even when a prisoner demands only money damages, he cannot bring a non-habeas civil lawsuit that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. This Court must consider whether a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence. Id. at 486-487. If it would, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Here, Plaintiff specifically claims that his sentence has been unlawfully extended by the Defendants. As a remedy, Plaintiff has asked for $1000 per day damages for each day that he is in custody. A judgment for Plaintiff would necessarily imply that his confinement is invalid. As such, the adjudication of the validity of Plaintiff's ongoing confinement would directly call into question the lawfulness of his confinement, which is barred by Heck. Plaintiff's confinement can properly be adjudicated only in a habeas corpus or other post-conviction proceeding. Plaintiff's federal civil lawsuit is an inappropriate forum for his claim of damages resulting from allegedly unlawful confinement. Because Plaintiff has not already established that his continuing confinement is unlawful in a proper forum, such as a federal post-conviction proceeding, his Complaint must be dismissed without prejudice.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Doc. No. 14] is **ADOPTED**,
2. Plaintiff's Objection [Doc. No. 19] is **DENIED**, and
3. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: November 13, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.