**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

ARTHUR D'AMARIO, III,

Plaintiff,

v.

ANDREW L. OLNES, M.D., RUTH WESTRICK, M.D., DANIEL SHINE, M.D., AMY HAMILTON, Ph.D., CHRISTINE SCRONCE, Ph.D., STEVE NORTON, Ph.D., CONSTANCE REESE, HARELL WATTS, G.L. HERSHBERGER, BRENDA L. SANTOS, FEDERAL BUREAU OF PRISONS, STEPHANIE S. BROWNE, and CHRIS SIGURDSON, M.D.,

Defendants.

Civil No. 01-742 ADM/AJB

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Plaintiff's motion for leave to proceed in forma pauperis, ("IFP"), on appeal (Docket No. 24). That application will be DENIED, for the reasons discussed below.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be

FILED FEB - 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1]

In the instant case, Plaintiff has filed a declaration in support of his request for IFP status, (Docket No. 25), which shows that he has not been employed since 1987, and that his only tangible property is an automobile that purportedly is worth $2000. The IFP application further shows, however, that Plaintiff has a regular income from "SSDI benefits" in the amount $1000 per month, and a bank account in Rhode Island with a balance of $2000. Plaintiff represents that he owes a credit card company "over $1000," and that he expects to incur additional expenses for housing and insurance "[w]hen the court allows [him] to return" to Rhode Island at some unspecified time in the future. But Plaintiff has not shown that he will be unable to satisfy his present indebtedness and future expenses from the income and bank account deposits that are available to him.

The Court finds that Plaintiff has not adequately demonstrated that he is unable to pay the $105 filing fee for his appeal due to indigence. Because Plaintiff has not shown that he is financially eligible for IFP status on appeal, his pending IFP application will be denied.[2]

---

[1] Individuals who seek IFP status while incarcerated are subject to additional requirements under the Prison Litigation Reform Act, ("PLRA"). See 28 U.S.C. § 1915(b). Although Plaintiff was in prison when he commenced this action, it appears that he had been released from custody, and was no longer a prisoner, by the time he filed his appeal. Therefore, the PLRA is not applicable here.

[2] Having determined that Plaintiff is not financially eligible to proceed IFP on appeal, it is unnecessary to decide whether his appeal is taken in good faith. The Court notes, however, that there does not appear to be any arguable factual or legal basis for an appeal in this matter, and it is therefore doubtful that Plaintiff could satisfy the good faith requirement.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 24), is DENIED.

Dated: February 4, 2002

ANN D. MONTGOMERY
United States District Court Judge