**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

ARTHUR D'AMARIO, III,

Plaintiff,

v.

ANDREW L. OLNES, M.D., RUTH WESTRICK, M.D., DANIEL SHINE, M.D., AMY HAMILTON, Ph.D., CHRISTINE SCRONCE, Ph.D., STEVE NORTON, Ph.D., CONSTANCE REESE, HARELL WATTS, G.L. HERSHBERGER, BRENDA L. SANTOS, FEDERAL BUREAU OF PRISONS, STEPHANIE S. BROWN, and CHRIS SIGURDSON, M.D.,

Defendants.

---

Civil No. 01-742 (ADM/AJB)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Plaintiff's self-styled "Motion For Relief From Judgment." (Docket No. 29.) Plaintiff is seeking "reentry of final judgment," pursuant to Fed. R. Civ. P. 60(b)(6), "so that he may perfect a timely appeal." Plaintiff's motion will be DENIED, for the reasons discussed below.

Plaintiff, a federal prison inmate, commenced this action on April 30, 2001, by filing a complaint seeking relief against several employees of the federal Bureau of Prisons. His claims were brought under the Federal Tort Claims Act and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter was assigned to Magistrate Judge Arthur J. Boylan, who recommended that the action be summarily dismissed. (Report and Recommendation, ["R&R"], dated August 21, 2001; [Docket No. 14].) Plaintiff filed objections to the R&R, (Docket No. 19), which caused this Court to review the matter de novo.

By Order dated November 13, 2001, (Docket No. 20), the Court overruled Plaintiff's objections to the R&R, and held that the case should be dismissed. The final judgment that dismissed this action, (Docket No. 21), was entered on November 14, 2001 – nearly six years ago.

On December 11, 2001, Plaintiff filed a timely Notice of Appeal, seeking appellate review of the judgment that dismissed this action. (Docket No. 22.) (He also applied for leave to appeal in forma pauperis, [Docket No. 24], but that application was denied by the Court's order of February 4, 2002; [Docket No. 26].) In March 2002, Plaintiff's appeal was dismissed by the Eighth Circuit Court of Appeals for failure to prosecute. (Docket No. 27.)

On October 25, 2007, (more than five years after the appeal in this matter was dismissed), Plaintiff filed the "Motion For Relief From Judgment" that is now before the Court. As previously noted, Plaintiff claims that the judgment that dismissed this action should be set aside, pursuant to Fed. R. Civ. P. 60(b)(6), so he can "perfect a timely appeal."

In the "Memorandum" that accompanies Plaintiff's current motion, he contends that "[m]any months passed before Plaintiff even knew that the case had been dismissed, and by that time the period for appealing and for extending the period [to appeal] had lapsed." (Plaintiff's "Memorandum," [Docket No. 30], p. 1.) Plaintiff claims that because he did not know about the final judgment of dismissal soon enough to file a timely appeal, the judgment should be vacated and "re-entered," (presumably with a current date), so that he can now file a timely appeal. This argument, however, is clearly specious. It is quite obvious that Plaintiff did know about the final judgment soon enough to file a timely appeal, because he did, in fact, file a timely Notice of Appeal in this case.

Plaintiff has offered only one discernible rationale in support of his current motion, (i.e., that he needs a new entry-of-judgment date, so he can file a timely appeal), and that rationale is plainly unsustainable. Therefore, Plaintiff's motion must be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's "Motion For Relief From Judgment," (Docket No. 29), is DENIED.

Dated: November __7___, 2007

s/Ann D. Montgomery

______________________________
ANN D. MONTGOMERY
United States District Court Judge